```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

JAMES M. AYERS,

                          Plaintiff,

vs.                                    Case No.   2:07-cv-123-FtM-29DNF

CONSOLIDATED CONSTRUCTION SERVICES
OF SW FLORIDA, INC., ANGELA VENEZIA,

                          Defendant.

_____

**OPINION AND ORDER**

     This matter comes before the Court on plaintiff's Motion to Strike Defendant's Affirmative Defenses to Plaintiff's Complaint (Doc. #15), filed on July 12, 2007. Defendants filed a Memorandum of Law in Opposition (Doc. #18) on July 23, 2007.

     Plaintiff initiated the case on February 27, 2007, by filing a Complaint (Doc. #1) seeking recovery of overtime compensation and minimum wages under the Fair Labor Standards Act (FLSA) and relief for the breach of an oral agreement. On June 25, 2007, defendants appeared and filed an Answer and Affirmative Defenses to Complaint (Doc. #11). Plaintiff seeks to strike defendants' Fourteenth Defense and the request for attorney's fees contained in the "Reservation of Rights" under the Seventeenth Defense. The Fourteenth Defense states that plaintiff's "claims are barred by laches, course of conduct, estoppel and/or waiver." (Doc. #11, p. 9.)

"An affirmative defense is defined as '[a] defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all allegations in the complaint are true.'" Saks v. Franklin Covey Co., 316 F.3d 337, 350 (2d Cir. 2003)(citations omitted).  Under FED. R. CIV. P. 12(f), "the Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Motions to strike are disfavored, and will be denied unless the allegations have no possible relation to the controversy, may confuse the issues, or may cause prejudice to one of the parties.  Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995).

"[T]he doctrine of laches does not apply to congressional acts providing a statute of limitations, such as the FLSA." Morrision v. Executive Aircraft Refinishing, Inc., 434 F. Supp. 2d 1314, 1320 (S.D. Fla. 2005)(citations omitted).  As this case is brought under the FLSA, which contains a statute of limitations, the motion to strike will be granted as to the defense of laches.

"Estoppel is an equitable doctrine invoked to avoid injustice in particular cases."  Heckler v. Community Health Servs. of Crawford County, Inc., 467 U.S. 51, 59 (1984).    In Brumbelow, the Court found "[o]n the *narrow facts of this case*, the court correctly granted a directed verdict on the basis that the appellant was estopped and could not profit from her own wrong in

-2-

furnishing false data to the employer." Brumbelow v. Quality Mills, Inc., 462 F.2d 1324, 1327 (5th Cir. 1972)[1](citations omitted)(emphasis added). Within the Middle District of Florida, one district court has found that estoppel is an available affirmative defense "where the employee affirmatively misleads the employer." McGlothan v. Walmart Stores, Inc., 6:06-CV-94-ORL-28JGG, 2006 WL 1679592, *2 (M.D. Fla. June 14, 2006)(citing Brumbelow at 1327). In Green v. Amjak Enters., Inc., 2:06-CV-264-FTM-29SPC, 2006 WL 2265455, 2006 U.S. Dist. LEXIS 54960 (M.D. Fla. Aug. 8, 2006), the undersigned distinguished that case based on the facts, and declined to address the issue on a motion to strike. In Groves v. Patricia J. Dury, M.D., P.A., 2:06-cv-338-FTM-99SPC, 2006 WL 2556944, 2006 U.S. Dist. LEXIS 62540 (M.D. Fla. Sept. 1, 2006), the undersigned found the affirmative defense to be insufficiently pled and the motion to strike was granted without prejudice. As in Groves, defendant has provided no factual basis for the affirmative defense. Therefore, the motion will be granted without prejudice.

The FLSA provisions are mandatory, are not subject to negotiation or bargaining between employers and employees, and are not subject to waiver. Lynn's Food Stores, Inc. v. United States Dep't of Labor, 679 F.2d 1350, 1352 (11th Cir. 1982)(citing

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Brooklyn Savings Bank v. O'Neil, 324 U.S. 697 (1945)). Defendants cite to Powell v. Carey Int'l, Inc., 2007 U.S. Dist. LEXIS 29452, *19 (S.D. Fla. Feb. 28, 2007) for the proposition that Lynn's Food does not negate affirmative defenses because the defenses "do not exhibit instances in which the parties expressly agreed to abridge or otherwise waive Plaintiffs' FLSA rights in this regard." Unlike Powell, this case is not at a summary judgment stage and with insufficient facts, the Court finds no basis to consider this case outside the general rule that an employee cannot waive her rights under the FLSA without supervision by the Secretary of Labor or the Court. The motion to strike will be granted without prejudice.

Although attorney's fees are statutorily authorized to a prevailing plaintiff under the FLSA, a prevailing defendant is not entitled to attorney's fees unless the litigation was in bad faith. Turlington v. Atlanta Gas Light Co., 135 F.3d 1428, 1437 (11th Cir.), cert. denied, 525 U.S. 962 (1998). A request for attorney's fees if defendant prevails does not respond to the allegations of the complaint and does not raise any facts to vitiate plaintiff's claims. Therefore, it is not a viable defense. The motion to strike will be granted as to this portion of the seventeenth affirmative defense.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion to Strike Defendant's Affirmative Defenses to Plaintiff's Complaint (Doc. #15) is **GRANTED** as set forth above.

**DONE AND ORDERED** at Fort Myers, Florida, this __26th__ day of November, 2007.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record